UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:19-CR-052 JD-MGG |
| | ) | |
| DERRICK LEE | ) | |

## OPINION AND ORDER

Defendant Derrick Lee is charged with a Hobbs Act robbery, in violation of 18 U.S.C. § 1951, discharge of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). [DE 1] Following Mr. Lee's arrest, police and FBI questioned him after he waived his *Miranda* rights. Mr. Lee has moved to suppress his statement to law enforcement agents because he asserts that he "unequivocally asked for an attorney" during a custodial interrogation and the agents should have ceased questioning immediately after his unambiguous request for counsel. [DE 17]

Upon a referral, the magistrate judge held an evidentiary hearing and issued a report and recommendation, recommending that the motion be denied. Mr. Lee filed an objection to the report and recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), when a magistrate judge conducts an evidentiary hearing and submits proposed findings of fact and recommendations, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See also* Fed. R. Crim. P. 59(b)(3); N.D. Ind. L.R. 72-1.

On June 4, 2019, Mr. Lee was arrested for matters unrelated to the instant charges. The law enforcement officers began interviewing Mr. Lee about the attempted robbery at approximately 15:13 that day and Mr. Lee was read his *Miranda* rights. (Gov. Ex. 1 at 15:28:30-

1

29:20); *Miranda v. Arizona*, 384 U.S.436 (1966) (an individual must be advised of certain federal Constitutional rights when subjected to custodial interrogation). Mr. Lee was asked if he understood the rights that had been explained to him, and he nodded, said he understood. (*Id.* at 15:29:12). Mr. Lee signed a waiver form and agreed to speak with investigators. (*Id.* at 15:29:20).

Following a break in the interview, Detective Napolitano reentered the interview room with FBI Special Agent Weber. (*Id.* at 16:12:50). Napolitano and Weber then reinitiated the interview with Mr. Lee. A wide-ranging discussion ensued, but at approximately 16:46, the following exchange took place:

> **Lee:** Do I need a lawyer or something?
> **Weber:** That's totally up to you my friend…totally up to you.
> **Lee:** Before I get to even try and talk to you, do I need a lawyer?
> **Weber:** Totally up to you.
> **Lee:** Would it be best?
> **Weber:** Totally up to you. I can't give you any advice on that and they tell us we can't give you any advice on that. I'd like to see you get through this.
> **Lee:** I'd like to see me get through this fast.
> ….
> **Lee:** I feel like I should have a lawyer, but I feel like when y'all leave here this is gonna go in your ball park, even if I say I want a lawyer. It is, ain't it?
> **Weber:** We're going to keep plugging away. And I'm gonna probably find some more victims.

(Gov. Ex. 1 at 16:46:33-48:25).[1] After this exchange that Mr. Lee admitted he was present at the scene of the attempted robbery and shot the victim in self-defense.

Mr. Lee now moves to suppress the statement made during his custodial interview, claiming that the investigators failed to halt questioning after he made a request for an attorney. Mr. Lee objects to the report and recommendation because it does not find Mr. Lee's statements to be an unambiguous request of counsel. Lastly, Mr. Lee objects that the report and recommendation

---

[1] Prior to the hearing before the magistrate judge, the parties stipulated to Government's Exhibit 1 and 2, which contained the videotaped statement of Mr. Lee.

gave insufficient weight to the recommended police practice of clarifying with a suspect if he wants an attorney if the request is ambiguous or equivocal.

Mr. Lee's motion to suppress arises under the Fifth Amendment of the United States Constitution which prohibits compelled self-incrimination, guaranteeing that no person shall "be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law..." U.S. Const. amend. V. The Fifth Amendment "protects a person only against being incriminated by his own compelled testimonial communications." *Doe v. United States*, 487 U.S. 201, 207 (1988). Due process requires that when a person is taken into custody, he must be advised of these rights before being subjected to interrogation. *Miranda v. Arizona*, 384 U.S.436 (1966). In *Edwards* and its progeny, the Supreme Court established that when an accused person invokes his or her right to counsel during a custodial interrogation, all questioning must cease until counsel is made available or the accused himself initiates communication with law enforcement. *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981).

If Mr. Lee had unambiguously invoked his right to counsel, then *Edwards* controls and all questioning should have stopped. *United States v. Hunter*, 708 F.3d 938, 942 (7th Cir. 2013). If Mr. Lee's request was ambiguous, the Supreme Court's holding in *Davis v. United States*, 512 U.S. 452 (1994) controls. *Hunter*, 708 F.3d at 942. In *Davis*, the Court held "if a reference is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel, *Edwards* does not require that officers stop questioning the suspect." 512 U.S. at 452. Whether a suspect invoked his right to counsel is an objective inquiry. *Subdiaz-Osorio v. Humphreys*, No. 18-1061, 2020 WL 97612, at *7 (7th Cir. Jan. 9, 2020) (citing *Smith v. Illinois*, 469 U.S. 91, 95 (1981); *Davis*, 512 U.S. at 458-59). Based on the exchange between Mr. Lee and Agent Weber, this Court must determine whether Mr. Lee made an unambiguous request for counsel.

3

Both the Supreme Court and the Seventh Circuit have provided extensive precedent of what establishes a statement to be an unambiguous invocation of counsel. The Supreme Court noted in *Davis* that an "[i]nvocation of the *Miranda* right to counsel 'requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney.'" 512 U.S. at 459 (quoting *McNeil v. Wisconsin*, 501 U.S. 171, 178 (1991)). The Seventh Circuit has found "statements indicating a certain and present desire to consult with counsel sufficient to invoke a defendant's right to counsel." *Hunter*, 708 F.3d at 943. A court should look for words like "can," which reflect a present intent to obtain counsel, rather than words like "should" or "might," which suggest uncertainty about a present desire for a lawyer. *Id.* at 943-44. *Compare United States v. Wysinger*, 683 F.3d 784, 795 (7th Cir. 2012) ("I mean, but can I call [a lawyer] now?" held to be an unambiguous or unequivocal request) and *United States v. Lee*, 413 F.3d 622, 626 (7th Cir. 2005) ("Can I have a lawyer?" held to be an unambiguous or unequivocal request) *with Davis*, 512 U.S. at 455 ("Maybe I should talk to a lawyer" held to not be an unambiguous or unequivocal request), *Subdiaz-Osorio*, 2020 WL 97612, at *8 ("How can I do to get an attorney here because I don't have enough to afford for one[?]" held to not be an unambiguous or unequivocal request), *United States v. Shabaz*, 579 F.3d 815, 818-19 (7th Cir. 2009) ("[A]m I going to be able to get an attorney?" held to not be an unambiguous or unequivocal request), and *United States v. Thousand*, Case No. 12-CR-110, 2003 WL 12099113, at *6-8 (W.D. Wis. June 13, 2013) ("I think I need a lawyer, I don't know, but I want to cooperate and talk" held to not be an unambiguous or unequivocal request).

Here, Mr. Lee asked Agent Weber three times if he needed an attorney. A suspect who asks law enforcement whether he needs a lawyer has not unambiguously or unequivocally requested counsel. The Seventh Circuit has found that asking "Do I need a lawyer?" is a substantively different question than "Can I have a lawyer?" *Wysinger*, 683 F.3d at 795; *see also*

4

*United States v. Buckley*, 4 F.3d 552, 558-59 (7th Cir. 1993) (holding "I don't know if I need an attorney" is not an unambiguous request). Mr. Lee's questions "[d]o I need a lawyer or something?", "do I need a lawyer?", and "[w]ould it be best?" are all questions on whether he needs an attorney rather than "a certain and present desire to consult with counsel." *Hunter*, 708 F.3d at 943. Therefore, Mr. Lee's questions as to whether he needs a lawyer were not sufficient to be unambiguous or unequivocal.

Mr. Lee's last statement regarding counsel, as the Government notes, "cuts a little closer to the bone." [DE 24 at 6]. Mr. Lee stated "I feel like I should have a lawyer, but I feel like when y'all leave here this is gonna go in your ball park, even if I say I want a lawyer. It is, ain't it?" However, once again, this does not rise to the level of an unambiguous and unequivocal request for counsel because this statement does not reflect "a certain and present desire to consult with counsel." *Hunter*, 708 F.3d at 943. Mr. Lee uses both "feel" and "should," demonstrating that he was still considering his options rather than making a present request to consult counsel. Similar statements have been found by numerous courts to not reflect an unambiguous invocation to counsel. *See, e.g.*, *United States v. Delaney,* 443 F. App'x 122, 130 (6th Cir. 2011) (holding use of "I think" was ambiguous and insufficient to assert right to counsel); *Henness v. Bagley,* 644 F.3d 308, 319-20 (6th Cir. 2011) (holding that "I think I need a lawyer," was ambiguous and did not adequately invoke right to counsel); *United States v. Smith,* 281 Fed. App'x 198, 200 (4th Cir. 2008) ("I think I might need to talk to a lawyer" was not sufficient to invoke right to counsel); *Clark v. Murphy*, 331 F.3d 1062, 1069-72 (9th Cir. 2003), *overruled on other grounds by Lockyer v. Andrade*, 538 U.S. 63, 71 (2003) (concluding that "I think I would like to talk to a lawyer" was not an unequivocal request); *Burket v. Angelone,* 208 F.3d 172, 197-98 (4th Cir. 2000) (finding that "I think I need a lawyer" failed to unequivocally request counsel); *United States v. Wyatt,* 179 F.3d 532, 537 (7th Cir. 1999) ("I think I should talk to a lawyer" was ambiguous and did not invoke right to

counsel). Like the statements in these cases, Mr. Lee's statement "I feel like I should have a lawyer" was ambiguous and did not adequately invoke right to counsel, and therefore did not mandate the interrogation to cease as required under *Edwards*.

During the hearing before the magistrate judge and in the defendant's objections to the report and recommendation, defense counsel argued that "I feel like" is an idiom or form of Mr. Lee's speech and therefore the Court should read the statement as "I should have a lawyer." This is an incorrect subjective analysis of Mr. Lee's statement. The inquiry of a suspect's words must be objective. *Subdiaz-Osorio*, 2020 WL 97612, at *7 (citing *Smith*, 469 U.S. at 95; *Davis*, 512 U.S. at 458-59). An objective inquiry of "I feel like I should have a lawyer" requires the conclusion that the statement reflects uncertainty and is not an unambiguous or unequivocal request for counsel.

Although the defendant attempts to read the first part of this statement, "I feel like I should have a lawyer," in isolation, this Court must read it in context with the entirety of Mr. Lee's words. *United States v. Hampton*, 885 F.3d 1016, 1019 (7th Cir. 2018) (A "court considers the statement itself and the surrounding context."). Mr. Lee's statement "but . . . even if I say I want a lawyer" suggests indecision and equivocation. The word "but" after "I feel like I should have a lawyer" contradicts any possible certainty whether a lawyer is in fact desired by Mr. Lee. *See, e.g.*, *United States v. Hampton*, 675 F.3d 720, 727 (7th Cir. 2012) ("Based on this pattern of equivocation and because Hampton's reference to a lawyer used the hedge word 'but,' . . . a reasonable officer would have understood only that Hampton might want an attorney, not that he was clearly invoking his right to deal with the officer only through counsel."). Following the "hedge word 'but,'" Mr. Lee's words "even if I say I want a lawyer" further indicates that Mr. Lee had not yet stated, or even decided for that matter, if he wanted a lawyer. An objective reading of the full statement shows that it was not an unambiguous request for counsel.

Finally, the defendant argues that the U.S. Supreme Court has observed that, if a suspect's request for counsel is ambiguous or equivocal "it will often be good police practice for the interviewing officers to clarify whether or not he actually wants an attorney." *Davis*, 512 U.S. at 461. However, the Supreme Court explicitly stated that it does not adopt a rule "requiring officers to ask clarifying questions." *Id.*; s*ee also Lee*, 413 F.3d at 625 (noting "police are under no obligation to clarify an ambiguous statement by the accused"). As discussed above, Mr. Lee did not make an unambiguous request for counsel and therefore, the interviewing officers were not obligated to cease questioning. While Agent Weber may not have asked Mr. Lee clarifying questions, he assured Mr. Lee that whether he wanted or needed a lawyer was "totally up to [him]," which he repeated a total of four times in the brief exchange.

## CONCLUSION

For those reasons, the Court **OVERRULES** Mr. Lee's objections [DE 30], **ADOPTS** the Report and Recommendation [DE 29], and **DENIES** the motion to suppress [DE 17].

SO ORDERED.

ENTERED: January 27, 2020

/s/ JON E. DEGUILIO
Judge
United States District Court